UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20901-CIV-ALTONAGA-BROWN

MATTIE LOMAX,

    Plaintiff,

vs.

WAL-MART STORES EAST,
et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANTS OFFICER PEREZ AND LIEUTENANT FOJO'S MOTION TO
DISMISS AND FOR MORE DEFINITE STATEMENT**

**THIS MATTER** came before the Court on Defendants Officer Perez and Lieutenant Fojo's Motion to Dismiss and for More Definite Statement pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure (D.E. 24). The Court has considered the Motion, the Response, the Reply, and all pertinent materials in the file.

**BACKGROUND**

*Pro se* Plaintiff Mattie Lomax ("Plaintiff") filed this action against Wal-Mart Stores East, Officer Perez, Lieutenant Fojo, and four employees of the Hialeah Gardens Super Wal-Mart store alleging racial discrimination and violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, 18 U.S.C. § 245, 5 U.S.C. § 702, 42 U.S.C. § 1983, and unidentified common law. The Plaintiff sued Officer Perez and Lieutenant Fojo ("Lt. Fojo") in their individual and official capacities. Complaint ¶ 12.

The Complaint alleges that on March 27, 2007 Plaintiff, an African American woman,

was shopping in the electronics department of the Hialeah Gardens Super Wal-Mart store. Complaint ¶ 14. Plaintiff intended to purchase two ink cartridges and asked Wal-Mart employees to retrieve cartridges for her from the locked cabinet where they were kept. Complaint ¶¶ 15-16. Upon placing the cartridges in her cart, Plaintiff continued shopping. Complaint ¶ 18. Lt. Fojo, who was at the electronics department purchasing an item, came up to the Plaintiff and told her "you have to pay for your things like I do." Complaint ¶ 18. When Plaintiff told Lt. Fojo that she was going to pay when she was done shopping, Lt. Fojo told the Plaintiff to leave the store on Wal-Mart's authorization because he did not like her attitude. Complaint ¶¶ 19-20. Plaintiff then left the store. Complaint ¶¶ 19-20.

Plaintiff began calling the Hialeah Gardens Police when Officer Perez pulled up to the front of the store where the Plaintiff stood. Complaint ¶ 21. Officer Perez spoke to Lt. Fojo and Wal-Mart's employees, took Plaintiff's statement and issued her a Trespass Warning. Offense Incident Report, Complaint, Exhibit 4. Plaintiff alleges that Lt. Fojo made demeaning statements about the Plaintiff and that both Lt. Fojo and Officer Perez told the Plaintiff to get off the property. Complaint ¶ 24. Plaintiff does not specify what Lt. Fojo said about her. Likewise, there are no allegations of Lt. Fojo and Officer Perez treating any other customer in a different manner or making any statements about Plaintiff's race to the Plaintiff or anybody else.

## DISCUSSION

Defendants Lt. Fojo and Officer Perez invoke the defense of qualified immunity and ask this Court to dismiss Plaintiff's action against them. The doctrine of qualified immunity protects government actors from being sued in their individual capacities[1] for performing discretionary[2]

---

[1] Lt. Fojo and Officer Perez do not provide any reason for dismissing this action against them in their official capacities. However, suits against a municipal officer in his or her official capacity are in essence suits against the government that the officer represents. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Moreover, when a § 1983 action is brought against a municipal officer in his or her official capacity and against

acts as long as their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known. *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1280 (11th Cir. 2002) citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

A 12(b)(6) motion to dismissed should be granted on the basis of qualified immunity where "(1) from the face of the complaint, (2) we must conclude that (even if a claim is otherwise sufficiently stated), (3) the law supporting the existence of that claim - given the alleged circumstances - was not already clearly established, (4) to prohibit what the government-official defendant is alleged to have done, (5) before the defendant acted." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1023 (11th Cir. 2001). For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material fact must be taken as true. *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). The court limits its consideration to the pleadings and exhibits attached thereto when considering a motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) quoting *GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993). Therefore to survive this Motion to Dismiss, the Complaint with exhibits, taken in the light most favorable to the Plaintiff, must establish that Officer Perez and Lt. Fojo violated Plaintiff's rights that were clearly established prior to the alleged violation and that a reasonable government official in place of Officer Perez and Lt. Fojo would have known that he was violating these rights.

---

the governmental entity, the official capacity suit against the individual should be dismissed as redundant and possibly confusing to the jury. *Id.* In this case, Plaintiff has not named any governmental entity as a defendant.

[2] Discretionary authority of a government official includes all acts that (1) "were undertaken pursuant to the performance of his duties," and (2) were "within the scope of his authority." *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988). If defendants were not acting within their discretionary authority, they are not eligible for the defense of qualified immunity. *Lumley v. City of Dade City, Fla.*, 327 F.3d 1186 (11th Cir. 2003). However, Plaintiff does not dispute that Officer Perez and Lt. Fojo were acting within their discretionary authority.

In her Complaint, Plaintiff alleges violation of 42 U.S.C. § 1983. When bringing section 1983 claims, the Eleventh Circuit requires plaintiffs to meet a heightened pleading requirement and plead section 1983 violations with some specificity in cases where defendants can raise the defense of qualified immunity.[3] *GJR Investments, Inc. v. County of Escambria*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004).

The Plaintiff alleged, in essence, that Lt. Fojo violated Plaintiff's civil rights by discriminating against her when Lt. Fojo asked the Plaintiff to leave the store pursuant to the authorization from Wal-Mart. However, the Complaint does not allege that Lt. Fojo used any racially discriminatory language or treated the Plaintiff any differently than any other patron in a similar situation. While Plaintiff was apparently the only patron asked to leave, the Complaint, even liberally construed in light most favorable to the Plaintiff, does not allege racial discrimination or violation of any other clearly established civil rights.

With the Complaint, Plaintiff submitted surveillance video (without audio) of the incident. Complaint, Exhibit 1. The video likewise does not present any facts establishing discrimination. Plaintiff seems to base her allegations on the fact that Lt. Fojo asked her to leave the store based on the authority that Wal-Mart gave him. A reasonable government official would not have known that he was violating any of the Plaintiff's rights in that situation.

Plaintiff alleges that Lt. Fojo made demeaning statements about the Plaintiff in front of other people. However, in the absence of detail of what Lt. Fojo said, these allegations do not comply with the heightened pleading requirement in the section 1983 actions.

Plaintiff alleges that Officer Perez met her outside of the store after Lt. Fojo had asked to

---

[3] However, for purposes of a motion to dismiss in the case of a *pro se* action, the court should "construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

leave and after Plaintiff did so. However, Plaintiff alleges nothing that can be construed as a wrongful act on the part of Officer Perez. Since Defendants asked for a more definite statement and Plaintiff is not represented by an attorney, this Court should give Plaintiff an opportunity to amend her Complaint.

## RECOMMENDATION

Wherefore, this Court respectfully recommends that Defendants Officer Perez and Lieutenant Fojo's Motion to Dismiss or for More Definite Statement **(D.E. 24)** be **GRANTED**. The Complaint against Lt. Fojo and Officer Perez in their individual capacities should be dismissed without prejudice and Plaintiff should be granted leave to amend the Complaint.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of July, 2009.

STEPHEN T. BROWN
CHIEF U.S. MAGISTRATE JUDGE

cc:   Honorable Cecilia M. Altonaga
      Counsel of record