UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20901-CIV-ALTONAGA-BROWN

MATTIE LOMAX,

    Plaintiff,

vs.

WAL-MART STORES EAST,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court on Defendants Officer Perez and Lieutenant Fojo's Motion to Dismiss Corrected Amended Complaint (D.E. 86). The Court has considered the Motion, the Response, the Reply, and all pertinent materials in the file.

## BACKGROUND

*Pro se* Plaintiff Mattie Lomax ("Plaintiff") has filed a Corrected Amended Complaint ("CAC") against Wal-Mart Stores East, Officer Perez, Lieutenant Fojo, and four employees of the Hialeah Gardens Super Wal-Mart store alleging racial discrimination and violations of the Fourth, Tenth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, 18 U.S.C. § 245, 5 U.S.C. § 702, 42 U.S.C. § 1983, and unidentified common law. The Plaintiff sued Officer Perez and Lieutenant Fojo ("Lt. Fojo") in their individual and official capacities. CAC ¶ 10.[1]

In the Corrected Amended Complaint, Plaintiff repeats her allegations that she was shopping in the electronics department of the Hialeah Gardens Super Wal-Mart store and asked Wal-Mart

---

[1] The original Complaint against Lt. Fojo and Officer Perez in their individual capacities was dismissed without prejudice and with leave to amend.

employees to retrieve cartridges for her from the locked cabinet where they were kept. CAC ¶¶ 12. Upon placing the cartridges in her cart, Plaintiff continued shopping. CAC ¶ 12. Lt. Fojo, who was at the electronics department purchasing an item, came up to the Plaintiff and told her "you have to pay for you[r] things like I do." CAC ¶ 12. When Plaintiff told Lt. Fojo that she was going to pay when she was done shopping, Lt. Fojo told the Plaintiff to leave the store because he did not like her attitude. CAC ¶¶ 12. Lt. Fojo "hurried [Plaintiff] out of the store" and stated that Wal-Mart authorized him to remove her. CAC ¶ 12.

Plaintiff began calling the Hialeah Gardens Police and Officer Perez pulled up to the front of the store. CAC ¶ 13. Plaintiff alleges that Lt. Fojo "began making demeaning statement[s] towards the Plaintiff; you need to see a psychiatrist in front of the manager and Officer Perez and the people going in and from the Super Wal-Mart Shopping Center, making a scene on the north side of the entrance of the store." CAC ¶ 15. Lt. Fojo then told Plaintiff to leave the property. CAC ¶16. Plaintiff further alleges that when Officer Perez stated that Plaintiff was waiting for the bus, Officer Perez and Lt. Fojo told Plaintiff to wait at the bus stop. CAC ¶ 16.

As in the original Complaint, there are no allegations of Lt. Fojo and Officer Perez treating any other customer in a different manner or making any statements about Plaintiff's race, national origin or sex to the Plaintiff or anybody else.

## DISCUSSION

Defendants Lt. Fojo and Officer Perez again invoke the defense of qualified immunity and ask this Court to dismiss Plaintiff's action against them. The doctrine of qualified immunity protects government actors from being sued in their individual capacities[2] for performing discretionary[3] acts

---

[2] Lt. Fojo and Officer Perez do not provide any reason for dismissing this action against them in their official capacities. However, suits against a municipal officer in his or her official capacity are in essence suits against the government that the officer represents. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Moreover, when a § 1983 action is brought against a municipal officer in his or her official capacity and against the governmental entity, the official capacity suit against the individual should be dismissed as redundant and possibly confusing to the jury. *Id.* In

as long as their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known. *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1280 (11th Cir. 2002) citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

A 12(b)(6) motion to dismissed should be granted on the basis of qualified immunity where "(1) from the face of the complaint, (2) we must conclude that (even if a claim is otherwise sufficiently stated), (3) the law supporting the existence of that claim - given the alleged circumstances - was not already clearly established, (4) to prohibit what the government-official defendant is alleged to have done, (5) before the defendant acted." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1023 (11th Cir. 2001). For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material fact must be taken as true. *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). The court limits its consideration to the pleadings and exhibits attached thereto when considering a motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Therefore to survive this Motion to Dismiss, the Corrected Amended Complaint, taken in the light most favorable to the Plaintiff, must establish that Officer Perez and Lt. Fojo violated Plaintiff's rights that were clearly established prior to the alleged violation and that a reasonable government official in place of Officer Perez and Lt. Fojo would have known that he was violating these rights.

In her Corrected Amended Complaint, Plaintiff alleges a violation of 42 U.S.C. § 1983.

---

this case, Plaintiff has not named any governmental entity as a defendant.

[3] Discretionary authority of a government official includes all acts that (1) "were undertaken pursuant to the performance of his duties," and (2) were "within the scope of his authority." *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988). If defendants were not acting within their discretionary authority, they are not eligible for the defense of qualified immunity. *Lumley v. City of Dade City, Fla.*, 327 F.3d 1186 (11th Cir. 2003). However, Plaintiff does not dispute that Officer Perez and Lt. Fojo were acting within their discretionary authority.

When bringing section 1983 claims, the Eleventh Circuit requires plaintiffs to meet a heightened pleading requirement and plead section 1983 violations with some specificity in cases where defendants can raise the defense of qualified immunity.[4] *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004); *GJR Investments, Inc. v. County of Escambria*, 132 F.3d 1359, 1367 (11th Cir. 1998).

The Plaintiff again alleges, in essence, that Lt. Fojo violated Plaintiff's civil rights by discriminating against her when Lt. Fojo asked the Plaintiff to leave the store pursuant to the authorization from Wal-Mart. However, as in the original Complaint, the Corrected Amended Complaint does not allege that Lt. Fojo used any racially discriminatory language or treated the Plaintiff any differently than any other patron in a similar situation. While Plaintiff was apparently the only patron asked to leave, the Complaint, even liberally construed in light most favorable to the Plaintiff, does not allege racial discrimination or violation of any other clearly established civil rights. To the extent that Plaintiff alleges that Lt. Fojo made "demeaning" statements about the Plaintiff in front of other people, the statement he allegedly made had nothing to do with Plaintiff's race or any other protected status.

Plaintiff seems to base her allegations on the fact that Lt. Fojo asked her to leave the store based on the authority that Wal-Mart gave him. A reasonable government official would not have known that he was violating any of the Plaintiff's rights in that situation.[5]

Furthermore, Plaintiff alleges nothing that can be construed as a wrongful act on the part of

---

[4] However, for purposes of a motion to dismiss in the case of a *pro se* action, the court should "construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

[5] With the original Complaint, Plaintiff submitted surveillance video (without audio) of the incident. Complaint, Exhibit 1. The video likewise does not present any facts establishing discrimination.

4

Officer Perez.[6]

## RECOMMENDATION

Wherefore, this Court respectfully recommends that Defendants Officer Perez and Lieutenant Fojo's Motion to Dismiss Corrected Amended Complaint be **GRANTED**, and that the Corrected Amended Complaint against Lt. Fojo and Officer Perez in their individual capacities be dismissed with prejudice.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2009.

STEPHEN T. BROWN
CHIEF U.S. MAGISTRATE JUDGE

cc:   Honorable Cecilia M. Altonaga
       Counsel of record

---

[6] In her Response to the Motion to Dismiss, Plaintiff argues that the allegations include "that the Defendants deliberately destroyed evidence to the surveillance video, fabricated false confession, obtained false statement from the Defendants." Resp. p. 7. The Corrected Amended Complaint fails to contain any such allegations.