UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20901-CIV-ALTONAGA/Brown

**MATTIE LOMAX**,

    Plaintiff,

vs.

**WAL-MART STORES EAST**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** came before the Court on Magistrate Judge Stephen T. Brown's Report and Recommendation ("Report") [D.E. 101], issued September 29, 2009. Defendants, Officer Perez ("Perez") and Lieutenant Fojo ("Fojo"), filed a Motion to Dismiss Corrected Amended Complaint ("Motion to Dismiss") [D.E. 86] on September 4, 2009. The Court referred the Motion to Dismiss to Judge Brown under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 [D.E. 4]. In the Report, Judge Brown recommends the allegations against Perez and Fojo in their individual capacities be dismissed with prejudice. On October 13, 2009, *pro se* Plaintiff, Mattie Lomax ("Lomax"), filed her objections to Judge Brown's Report. (*See* Pl. Mot./Objections ("*Objections*") [D.E. 103]). The Court has reviewed the Report and Objections, the applicable law, and conducted a *de novo* review of the record.

On April 7, 2009, Lomax filed a Complaint [D.E. 1] against Perez, Fojo, Wal-Mart Stores East, and four employees of the Hialeah Gardens Super Wal-Mart store alleging racial discrimination and violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1981, 18 U.S.C. § 245, 5 U.S.C. § 702, 42 U.S.C. §

CASE NO. 09-20901-CIV-ALTONAGA/Brown

1983, and unidentified common law. On June 2, 2009, Perez and Fojo filed a Motion to Dismiss and for More Definite Statement [D.E. 24], which the Court referred to Judge Brown under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 [D.E. 4]. Judge Brown recommended the Complaint against Perez and Fojo be dismissed because the Complaint did not meet the heightened pleading standards for section 1983 actions: it alleged no wrongful conduct on the part of Perez and Fojo [D.E. 40]. The Court agreed, dismissed Lomax's Complaint without prejudice, and granted her leave to amend [D.E. 50].

Lomax filed her Corrected Amended Complaint ("Amended Complaint") [D.E. 83] on September 2, 2009. In the Amended Complaint, Lomax again alleges racial discrimination and violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, 18 U.S.C. § 245, 5 U.S.C. § 702, 42 U.S.C. § 1983, and unidentified common law. She sues Perez and Fojo in both their official and individual capacities. (*See id.* ¶ 10).

Judge Brown recommends the Amended Complaint against Perez and Fojo in their individual capacities be dismissed with prejudice.[1] (*See Report* at 5). Although Lomax included Fojo's statements to her in the Amended Complaint, Lomax "does not allege that Lt. Fojo used any racially discriminatory language or treated [Lomax] any differently than any other patron in a similar situation." (*Id.* at 4). And Lomax again failed to allege "a wrongful act on the part of Officer Perez." (*Id.* at 4–5). In other words, the Amended Complaint against Perez and Fojo fails the heightened pleading standard for section 1983 actions. (*See id.*). In addition, under the doctrine

---

[1] Judge Brown did not recommend the Amended Complaint against Fojo and Perez in their official capacities be dismissed because they did "not provide any reason for dismissing this action against them in their official capacities." (*Report* at 2 n.2).

CASE NO. 09-20901-CIV-ALTONAGA/Brown

of qualified immunity, a reasonable government official could not have known he was violating Lomax's rights. (*See id.* at 4).

In her Objections, Lomax recites the facts contained in the Amended Complaint and attaches several supporting documents. (*See Objections* at 1–3). She also provides the Court with some background information on section 1983, due process, and qualified immunity. (*See id.* at 3–8). But Lomax does not identify any deficiencies in Judge Brown's Report.

Given that the Court has already provided Lomax an opportunity to amend her allegations, and yet the Amended Complaint suffers the same deficiencies as the first, further amendment would be futile. The undersigned is in full agreement with the recommendations stated in Judge Brown's Report. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Judge Brown's Report **[D.E. 101]** is **AFFIRMED AND ADOPTED** in total.

2. Perez's and Fojo's Motion to Dismiss **[D.E. 86]** is **GRANTED IN PART**.

3. The Amended Complaint **[D.E. 83]** against Perez and Fojo in their individual capacities is **DISMISSED WITH PREJUDICE**.

4. Wal-Mart Stores East's Motion to Dismiss for Failure to Perfect Service **[D.E. 81]** and Lomax's Motion/Strike Motion to Dismiss for Failure to Perfect Service from Defendants [sic] Motion **[D.E. 88]** are **DENIED AS MOOT**, because they do not pertain to the operative complaint.

CASE NO. 09-20901-CIV-ALTONAGA/Brown

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of October, 2009.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record
       Mattie Lomax, *pro se*